THE STATE, DEFENDANT IN ERROR, v. JOHN SCHREIBER, PLAINTIFF IN ERROR.

THE STATE, DEFENDANT IN ERROR, v. JOHN ADAMS, PLAINTIFF IN ERROR.

Argued November 5, 1909—Decided February 21, 1910.

1. In an indictment for conspiracy to commit highway robbery, an anonymous letter had been received by a detective, before the arrest of the defendants, giving information that certain persons named therein at a certain time and place intended to waylay and rob a woman described therein. *Held,* error to allow the recipient to testify to the gist of the letter excluding the names.

2. In an indictment for conspiracy to commit highway robbery, an instruction, "If you believe from all the circumstances of the case * * * that these men were there without previous conference, that they went there simply for the purpose of getting work and did not go for the purpose of waylaying this woman and stealing, and the fact that they were there with these weapons and she was on her way back from the factory with her money, was simply a coincidence, then you are justified in giving them the benefit of the reasonable doubt and finding them not guilty." *Held,* error because depriving the defendants of the benefit of a reasonable doubt unless the jury had in fact concluded that they were guiltless.

———

On error to Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the defendant in error, *Frederick R. Lehlbach.*

For the plaintiffs in error, *Linton Satterthwait* and *Stephen C. Cook.*

The opinion of the court was delivered by

VOORHEES, J.  The defendants were indicted by the grand jury of Essex county for conspiracy to commit highway robbery on one Laura V. Ross, the overt act charged being that the defendants went to the town of Irvington with deadly weapons upon their persons and were there lying in wait along a public highway for the approach of Laura V. Ross, with intent to rob her.  Two indictments were found and were tried together, resulting in convictions.

Among the errors assigned, two only need consideration. A witness for the state and a police officer of New York City assigned to anarchist work was allowed to read an anonymous communication which came to his notice previous to the date of the conspiracy.  He had become acquainted with the defendant Schreiber, who lives in New York City, through attending anarchist meetings.  The letter was as follows:

"Rafsky, you know John Schreiber and Labelle, they are going to Newark to steal from an old woman who goes to the bank every Monday, on her way home passes a lonely spot about four o'clock; her daughter is sick and at home and cannot leave her house; maybe they will steal money from home, but safe is hard; anyway, Hagensdorfer works for lady will get one hundred dollars for telling Schreiber; he is a short man, five feet six inches, stout and about 180 pounds; light mustache; I saw him wear a soft hat."

The defendants moved "to strike out the reading of the letter," and the court reserved its decision, saying: "If I should decide favorably to your motion, I will give the necessary instructions to the jury."

After the defendants had rested, the question of the exclusion of the letter came up again.  The state refused to offer it.  The court was then of the opinion that "that part of the

testimony should stand to the effect that the detective received information in the course of his duties to the effect that an old lady having a sick daughter, which old lady was connected with a factory on the outskirts of Newark, who made a practice of going to one of the Newark banks and drawing money for the factory payroll on Monday afternoon and taking it back to the factory, was to be waylaid and robbed on Monday, November 23d, 1908, on her way back to the factory, and that the information which the detective got gave the names of two men known to him," and that is as far as it ought to stand; so the court excluded the letter, but allowed its contents, as above quoted, to stand, and excluded the rest of the testimony on that point. A motion was then made that the admitted testimony, as well as the letter, be stricken out and declared incompetent. The court replied that the only question was how much of the testimony should be allowed to stand, and then excluded the letter and permitted to stand what had already been admitted and ordered the reading of the letter to be expunged from the record. The witness was then recalled, and under objection, stated what information was imparted to him by the letter, excluding the names of any persons who were mentioned therein.

This was the only evidence in the case of conspiracy, and it was clearly error to admit what the detective had heard, or the contents or gist of an anonymous letter received by him before the arrest as tending to prove that fact.

Under a general exception to the charge, error is assigned to the following instruction concerning reasonable doubt: "If you believe from all the circumstances of the case * * * that these men were there without previous conference, that they went there simply for the purpose of getting work, and did not go for the purpose of waylaying this woman and stealing, and the fact that they were there with these weapons and she was on her way back from the factory with her money, was simply a coincidence, then you are justified in giving them the benefit of the reasonable doubt and finding them not guilty." This comes quite within the criticism made in *State* v. *Raymond*, 24 *Vroom* 260 (at *p.* 266). Its

effect was to deprive the defendants of the benefit of the doubt unless the jury had in fact concluded that they were guiltless. Looking through the entire charge it is not perceived that this error has been annulled.

The judgment of conviction should be reversed.

This result renders it unnecessary to consider the other errors assigned.